IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DARYL ELLSWORTH,

       Petitioner,

v.                                       Civil Action No. 5:05CV42
                                       Criminal Action No. 5:04CR20-01

UNITED STATES OF AMERICA,        (JUDGE STAMP)

       Respondent.

## REPORT AND RECOMMENDATION
## THAT §2255 MOTION BE DENIED

### I. INTRODUCTION

On March 29, 2005, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate,

Set Aside or Correct Sentence by a Person in Federal Custody. The Government filed its

response June 30, 2005. Petitioner filed a reply November 2, 2005.

### II. FACTS

A.    **Conviction and Sentence**

On August 20, 2004, Petitioner signed a plea agreement by which he agreed to plead

guilty to Count Two, distribution of crack within 1,000 feet of a public housing facility, in

violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 860. In the plea

agreement, the parties stipulated and agreed to the total drug relevant conduct of not less than 5

nor more than 20 grams of cocaine base. The parties further agreed that an enhancement pursuant

to U.S.S.G § 2D1.2(a)(1) was appropriate since the offense of conviction occurred within 1,000

feet of a protected location. Additionally, the petitioner waived his right to appeal and to

collaterally attack his sentence. Specifically, the petitioner's plea agreement contained the

following language regarding his waiver:

10. Mr. Ellsworth is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concession made by the United States in this plea agreement, if the Court finds that the applicable guideline is level 25 or less than the defendant knowingly and voluntarily waives the right to appeal his sentence or the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus), where the sentence is based upon a level 25 or less. If the Court departs upward or downward from the guideline range, the party opposing the departure has the right to appeal the Court's denial of either an upward or downward departure. Otherwise than stated herein, in exchange for the defendant's waiver, the United States waives its right to appeal. In the event that there is an appeal, each party reserves the right to argue in support of the sentence.

On September 16, 2004, the petitioner entered his plea in open court. Petitioner was 26 years old and high school graduate with four years of college education. (Plea transcript p. 2) Petitioner stated he understood and agreed with all the terms of the plea agreement. (Id. at 7) The Court specifically asked if petitioner understood the waiver of appellate and post-conviction relief rights. (Id. at 8, 12) The Court asked petitioner's counsel if he believed petitioner understood the waiver of appellate and post-conviction relief rights. (Id.) The Court then reviewed all the rights petitioner was giving up by pleading guilty. (Id. at 13-15) During the plea hearing, the Government presented the testimony of James Kozik, of the West Virginia State Police and Bureau of Criminal Investigations to establish a factual basis for the plea. (Id. at 16-18) The petitioner did not contest the factual basis of the plea.

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Count Two of the indictment. (Id. at 18) The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty

of his own free will. (Id.)  In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id.) The petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. (Id. at 19) Finally, petitioner said he was in fact guilty of the crime to which he was pleading guilty (Id.)

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty; and that the elements of the crime were established beyond a reasonable doubt. (Id. at 20)  The petitioner did not object to the Court's finding.

On January 4, 2005, the petitioner appeared before the Court for sentencing.  After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 70 months imprisonment.

**B.      Appeal**

Petitioner did not file a direct appeal.

**C.      Federal Habeas Corpus**

Petitioner contends that his sentence was unfairly calculated because prior misdemeanor charges were used to enhance the sentence in violation of his 5th and 6th amendment rights. Additionally, petitioner contends that his sentence was unfairly calculated due to the use of the mandatory sentencing guidelines.

The Government contends that petitioner waived his right to appeal directly or by collateral attack, so long as the guidelines offense level of 25 was used to determine his sentence. Petitioner was sentenced at the offense level of 25. Further, the Government contends that petitioner's guideline range was determined from the stipulated relevant conduct and stipulation

for a two level enhancement because the sale occurred within a protected location. Lastly, the Government contends that the Court recognized its authority under United States v. Hammoud, 405 F.3d 1034 (4th Cir. 2005), to consider sentencing factors under 18 U.S.C §3553(a), but still chose to deny the motion made by petitioner's counsel for a sentence alternatively lower than that established by the presentence report.

**D.      Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction.

### III. ANALYSIS

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." Blackledge v. Allison, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains "can be secure . . . only if dispositions by guilty plea are accorded a great measure of finality." Id. "To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

In United States v. Attar, 38 F.3d 727 (4th Cir. 1994), the Fourth Circuit found that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." Attar at 731.  The Fourth Circuit then found that whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." Id.  After upholding the general validity of a waiver-of-appeal-rights provision, the Fourth Circuit noted that even with a waiver-of-appeals-rights

4

provision, a defendant may obtain appellate review of certain limited grounds. Id. at 732. For

example, the Court noted that a defendant "could not be said to have waived his right to appellate

review of a sentence imposed in excess of the maximum penalty provided by statute or based on

a constitutionally impermissible factor such as race." Id. Nor did the Court believe that a

defendant "can fairly be said to have waived his right to appeal his sentence on the ground that

the proceedings following the entry of the guilty plea were conducted in violation of the Sixth

Amendment right to counsel." Id.

Subsequently, in United States v. Lemaster, supra, the Fourth Circuit saw no reason to

distinguish between waivers of direct appeal rights and waivers of collateral attack rights.

Lemaster, 403 F.3d at 220. Therefore, like waiver-of-appeal-rights provision, the Court found

that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and

voluntary. Id. And, although, the Court expressly declined to address whether the same

exceptions apply since Lemaster failed to make such an argument, the court stressed that it "saw

no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack

rights." Id. at n. 2.

Based on these cases, it appears that ineffective assistance of counsel claims are barred

by a valid waiver, to the extent that the facts giving rise to the claims occurred prior to the

defendant entering his guilty plea. Only claims arising after the entry of the guilty plea may fall

outside the scope of the waiver. Lemaster, 403 F.3d at 732 (it cannot be fairly said that a

defendant "waived his right to appeal his sentence on the ground that the proceedings following

entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel, for

a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on

the assumption that the proceedings following entry of the plea will be conducted in accordance

with constitutional limitations").

Therefore, when reviewing an ineffective assistance of counsel claim in a case where

there is a waiver of collateral-attack rights in a plea agreement, we must first determine whether

there is valid waiver. In doing so,

> The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Although this determination is often made based on adequacy of the plea colloquy -- specifically, whether the district court questioned the defendant about the appeal waiver – the issue ultimately is evaluated by reference to the totality of the circumstances. Thus, the determination must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (internal citations and quotations

omitted).

In other words, the Court must examine the actual waiver provision, the plea agreement as a

whole, the plea colloquy, and the defendant's ability to understand the proceedings. Id.  If the

Court finds that the waiver is valid, any IAC claims arising prior to the plea agreement are barred

by the waiver.

As to any IAC claims made regarding an attorney's action, or lack thereof, after the plea

agreement, the Fourth Circuit has stated, "[w]e do not think the general waiver of the right to

challenge" a sentence on the ground  that "the proceedings following entry of the guilty plea –

including both the sentencing hearing itself and the presentation of the motion to withdraw their

pleas – were conducted in violation of their Sixth Amendment right to counsel." Lemaster, 403

F.3d at 732-33. Therefore, upon first blush it appears that IAC claims arising after the guilty plea

and/or during sentencing, are not barred by a general waiver-of appeal rights.

However, several courts have distinguished IAC claims raised in a § 2255 case, from those raised on direct appeal. In Braxton v. United States, 358 F.Supp.2d 497 (W.D Va. 2005), the Western District of Virginia noted that although the Fourth Circuit has yet to define the scope of waiver of collateral rights, several courts have held that § 2255 waivers should be subject to the same conditions and exceptions applicable to waivers of the right to file a direct appeal. Braxton at 502 (citing United States v. Cannady, 283 F.3d 641,645 n. 3 (4th Cir. 2000) (collecting cases); Butler v. United States, 173 F.Supp.2d 489, 493 (E.D. Va. 2001)). Nonetheless, the Western District of Virginia, distinguished the types of IAC claims available on direct appeal from those available in a § 2255 motion. Specifically, the Court noted:

> Appellate courts rarely hear ineffective assistance of counsel claims on direct review. Indeed, '[i]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.' United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Therefore, the waiver exception recognized in Attar applies only to a very narrow category of cases. In contrast, a rule that defendants are unable to waive their right to bring an ineffective assistance claim in a § 2255 would create a large exception to the scope of § 2255 waivers. In fact, such an exception would render all such waivers virtually meaningless because most habeas challenges can be pressed into the mold of a Sixth Amendment claim on collateral review. The Fifth Circuit has recognized this dynamic by noting that '[i]f all ineffective assistance of counsel claims were immune from waiver, any complaint about process could be brought in a collateral attack by merely challenging the attorney's failure to achieve the desired result. A knowing and intelligent waiver should not be so easily evaded.' United States v. White, 307 F.3d 336, 344 (5th Cir. 2002).

Braxton at 503.

The Western District of Virginia further noted that the Tenth Circuit has also distinguished collateral-attack waivers from the situation in Attar and that the Fourth Circuit's holding in United States v. Broughton-Jones, 71 F.3d 1143,1147 (4th Cir. 1995), also supports

such a distinction. <u>Braxton</u> at 503, n. 2. Finally, the <u>Braxton</u> Court found it persuasive that the majority of circuits to have confronted this question "have held that collateral attacks claiming ineffective assistance of counsel that do not call into question the validity of the plea or the § 2255 waiver itself, or do not relate directly to the plea agreement or the waiver, are waivable." <u>Id.</u> at 503. (collecting cases).

## IV. <u>Recommendation</u>

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985): <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: July 5, 2007

____/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE
